Argued and submitted January 31, affirmed May 17, 1995

In the Matter of the Compensation of
Kevin R. Lathrop, Claimant.

Kevin R. LATHROP,
*Petitioner,*

*v.*

FAIRVIEW TRAINING CENTER
and SAIF Corporation,
*Respondents.*

(91-03523; CA A85032)

894 P2d 1257

Charles Maier filed the brief for petitioner.

Steve Cotton, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Claimant seeks review of the Workers' Compensation Board's order denying his request that SAIF be required to pay an out-of-compensation attorney fee directly to his attorney. We affirm.

Claimant sustained a compensable low back injury in 1988. His claim was accepted by SAIF in October 1988. In October 1989, SAIF closed the claim, and claimant objected. By stipulation, SAIF agreed to reopen the claim. The stipulated order stated:

> "Claimant's attorney shall receive 25 percent of the additional permanent partial disability awarded at next closure, amount not to exceed $2,800.00."

SAIF closed the claim and paid claimant $2,240, the full amount of permanent partial disability due. Under the stipulated agreement, claimant's attorney's share of the increased compensation was $560. That amount, however, was sent by SAIF directly to claimant, not to his attorney.

Claimant requested a hearing, arguing that SAIF should have paid the attorney fee directly to his attorney and that, because it did not do so, SAIF should now be required to pay the fee to his attorney in addition to the compensation that it already paid to claimant. Claimant also contended that SAIF's failure to pay the attorney directly constituted unreasonable resistance to the payment of compensation and that, accordingly, he was entitled to a penalty under ORS 656.262-(10). The referee concluded that under OAR 438-15-085(1), because the retainer agreement between claimant and his attorney did not specifically authorize a direct payment to the attorney, and because the stipulation between the parties did not authorize direct payment, SAIF did not act improperly in paying the full amount due directly to claimant. The Board summarily affirmed the referee's order.

On review, claimant argues that the Board erred in concluding that the attorney retainer agreement between claimant and his attorney must include specific consent to direct payment of the attorney fees to his attorney before such direct payment may be ordered by the Board. Claimant

relies on ORS 656.386(2)[1] and OAR 438-15-010,[2] which provide that an attorney fee shall be paid out of claimant's award of compensation and shall be a lien upon claimant's compensation. He contends that there is nothing in the language of either the statute or the rule that requires that claimant must consent in the retainer agreement to direct payment to an attorney before the Board may order it. Claimant argues that once the parties agree that the attorney is to receive a specific portion of claimant's award, a lien is created that may only be satisfied by direct payment of the award of attorney fees to the attorney.

Claimant is correct that ORS 656.386(2) and OAR 438-15-010 do designate the source of the award of attorney fees. However, these provisions do not specify a procedure for payment of the award. Under ORS 656.388(2), the Board is given the authority to specify the method of payment:

> "Any claim for payment to a claimant's attorney by the claimant so approved shall, *in the manner and to the extent fixed by the referee, board,* or such court, be a lien upon compensation." (Emphasis supplied.)

The Board did specify the manner of payment of attorney fees in its adoption of OAR 438-15-085(1),[3] which provides:

> "*If the claimant consents in the attorney retainer agreement,* the referee or the Board may order the payment of

---

[1] ORS 656.386(2) provides:

"In all other cases attorney fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.382."

[2] The version of OAR 438-15-010 in effect at the time of issuance of the Board's order provided, in part:

"(2) Attorney fees for an attorney representing a claimant shall be paid out of the claimant's compensation award.

"(3) An approved fee awarded or allowed to an attorney shall be a lien upon the claimant's compensation."

[3] The Board has authority to adopt rules that are reasonably required in the performance of its duties. ORS 656.726(4) provides:

"The board may make and declare all rules which are reasonably required in the performance of its duties, including but not limited to rules of practice and procedure in connection with hearing and review proceedings and exercising its authority under ORS 656.278. Such rules may provide for informal prehearing conferences in order to expedite claim adjudication, amicably dispose of controversies, if possible, narrow issues and the method of proof at hearings. The rules shall specify who may appear with parties at prehearing conferences and hearings."

approved attorney fees directly to the claimant's attorney in a lump sum when the fee is to be paid out of an award of compensation for permanent disability. The lump sum shall not be due until the award of compensation becomes final." (Emphasis supplied.)

Here, the Board concluded that the retainer agreement between claimant and his attorney did not satisfy the requirements of OAR 438-15-085(1). Based on that conclusion, the Board held that SAIF was not obligated to make the direct payment. We hold that the Board did not err in reaching the above conclusions. Consequently, it did not err in denying claimant's request for an order requiring SAIF to pay the attorney fees directly to his attorney.

Affirmed.